UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICK STORM,<br><br>            Plaintiff,<br><br>    v.<br><br>TODD BURGESS, MORA LYNCH, DARWIN CAMBRON, and KIM HARVEY,<br><br>            Defendants. | Case No. 1:09-cv-00360-BLW<br><br>**ORDER** |

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at Idaho State Correctional Institution. In this action, he challenges certain conditions of his now-revoked parole. On March 10, 2010, the Court reviewed Plaintiff's Complaint and determined that it did not allege sufficient facts to allow Plaintiff to proceed at that time. *See Initial Review Order*, Dkt. 8, at 3-4. The Court granted Plaintiff 30 days to amend or supplement his Complaint. *Id*. at 4-5. Plaintiff then filed two documents: (1) the Amended Complaint (Dkt. 11); and (2) the Amended Complaint Part 2 (Dkt. 13). The Court has reviewed both Amended Complaints and concludes that this case must be dismissed under 28 U.S.C. §§ 1915 and 1915A for failure to state a claim upon which relief can be granted.

**ORDER - 1**

In the Initial Review Order, the Court informed Plaintiff that if his parole revocation occurred as a result of his violation of the special parole conditions of which he complains, this civil rights action would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Dkt. 8 at 3-4. Unfortunately, Plaintiff did not accept the Court's invitation to allege in the Amended Complaints which condition of parole he violated. Instead, he states only that he returned to prison after he was granted parole. *See* Dkt. 13 at 7. Plaintiff did not explain the relationship between the allegedly illegal parole conditions and his parole revocation, making it impossible for the Court to determine whether a decision invalidating those parole conditions would "necessarily demonstrate the invalidity of [Plaintiff's] confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Therefore, Plaintiff may not proceed on his civil rights claims challenging the conditions of his parole.[1]

The Court gave Plaintiff clear guidance on what facts he needed to include in his amendment, stating that Plaintiff "must clarify whether he is alleging that the allegedly wrongful parole conditions caused the parole revocation, and whether he is alleging that his parole revocation was wrongful." Dkt. 8 at 4. Because Plaintiff did not do so, the Court will dismiss this case without prejudice and deny all pending motions as moot. To the extent Plaintiff wishes to pursue the access to courts claims that he describes in his

---

[1] Plaintiff might not be foreclosed from seeking relief, however. He may be able to pursue his claims on direct appeal of his probation revocation in state court, through the Uniform Post-Conviction Procedure Act, Idaho Code §§ 19-4901 to 4911, or through federal habeas corpus proceedings, 28 U.S.C. § 2254.

**ORDER - 2**

motions, he must file a new action asserting those allegations.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Amended Complaints (Dkts. 11 and 13) fail to state a claim upon which relief may be granted. Therefore, Plaintiff's case is DISMISSED without prejudice.

2. Plaintiff's Motion to Add Respondents (Dkt. 21) is denied as MOOT.

3. Plaintiff's Motion to Amend Respondents and Claims (Dkt. 22) is denied as MOOT.

4. Plaintiff's Motion and Declaration for Temporary Restraining Order (Dkt. 25) is denied as MOOT.

DATED: **July 28, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge